

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| VS. | § CASE NO. 1:11-CR-121 |
| | § |
| | § |
| | § |
| JOHNATHAN LEE EVANS | § |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 1, 2012, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Johnathan Lee Evans, on Count One of the charging **Indictment** filed in this cause.

1

Count One of the Indictment charges that between January 1st, 2011, and August 4th, 2011, in the Eastern District of Texas, Johnathan Lee Evans, defendant, did knowingly possess one HP Pavilion desktop computer, S/N: CNX7331738, one Western Digital external hard drive, S/N: WMAVU0662608, and one Western Digital My Passport external hard drive, S/N: WXAOA89C5660, which contained one (1) or more visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct, which visual depictions had been mailed, and shipped and transported in interstate and foreign commerce, and which were produced using materials which had been mailed and shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

Defendant, Johnathan Lee Evans, entered a plea of guilty to Count One of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Johnathan Lee Evans, is one and the same person charged in Count One of the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in Count One of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the Court incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement. At the guilty plea hearing, the Court also asked the defendant specific questions about the underlying conduct and evidence. Mr. Evans' answers on the record further supported the essential elements of the crime charged herein.

Defendant, Johnathan Lee Evans, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

### RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Johnathan Lee Evans, be finally adjudged as guilty of the charged offenses under Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

Defendant is ordered to report to the United States Probation Department for the

---

[1] "(3) Judicial Consideration of a Plea Agreement.
 (A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
 (B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
 (A) inform the parties that the court rejects the plea agreement;
 (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
 (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(3)-(5).

preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* Fed. R. Crim. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* Fed. R. Crim. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded

by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 2nd day of February, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE