IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:11-CR-00121-MAC** |
| **v.** § | |
| § | |
| § | |
| **JOHNATHAN LEE EVANS** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 10, 2020, alleging that the Defendant, Johnathan Lee Evans, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Johnathan Lee Evans was sentenced on July 25, 2012, before The Honorable Ron Clark, of the Eastern District of Texas, after pleading guilty to the offense of possession of material involving sexual exploitation of minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of II, was 120 months. Johnathan Lee Evans was subsequently sentenced to 122 months' imprisonment followed by an 8-year term of supervised release subject to the standard conditions of release, plus special conditions to include: mental health aftercare; sex offender aftercare; no contact with minors; defendant shall

not possess or view photography; search/seizure; defendant shall not purchase, possess, have contact with or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers, computer peripherals, laptop computers, ipods, personal digital assistants, portable data storage devices such as thumb drives and flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection; defendant shall also refrain from the purchase, possession or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment; restitution of $1,000; and a $100 special assessment.

## II. The Period of Supervision

On April 15, 2020, the Defendant's supervision was reassigned to United States District Judge Marcia A. Crone. On April 16, 2020, the Defendant's conditions of supervision were modified to include confinement in a residential reentry center for 180 days, due to being homeless.

On April 29, 2020, Johnathan Lee Evans completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Johnathan Lee Evans violated the following conditions of release:

> Allegation 1. The defendant shall not possess or access a computer, except in the course of his/her employment. Such computer shall have no modem or other device which would allow access to the Internet. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition and shall fully cooperate with the probation officer with regard to enforcement of this condition. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed

computer access/monitoring conditions. The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

## IV. Proceedings

On September 28, 2020, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he possessed a Samsung Galaxy smartphone with access to the internet. In return, the parties agreed that he should serve a term of 4 months' imprisonment, with 7 years of supervised release to follow (which shall include 120 days to be served in a halfway house).

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release,

except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to possessing a Samsung Galaxy smartphone with access to the internet, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he possessed a Samsung Galaxy smartphone with access to the internet. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is II. The policy statement range in the Guidelines Manual is 4 to 10 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 4 months with a 7-year term of supervised release to follow (which shall include 120 days in a halfway house).

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by possessing a Samsung Galaxy smartphone with access to the internet. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 4 months' imprisonment with a 7-year term of supervised release to follow (which shall include 120 days in a halfway house).

In addition to the mandatory and standard conditions of supervised release, the same special conditions previously imposed by Judge Crone shall be imposed, including: drug testing; comply with the requirements of the Sex Offender Registration and Notification Act; participate in sex offender treatment services; no contact with children under the age of 18 unless supervised; no purchase, possession, or use of any device to access the internet; no purchase, possession, or use of digital cameras, digital records, or any other type of recording and/or photographic equipment; no possession or viewing of images depicting sexually explicit conduct; submit to search of person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media and effects at any time; no possession or access to a computer except in the course of employment; no social media accounts; no gaming consoles; agreement to installation of software designed to monitor computer activities; no tampering with computer monitoring software; no purchase, possession or contact with devices with photographic or internet capability, including cellular telephones; reside in a residential reentry center for a period of 120 days upon release; pay restitution in the amount of $1,000; pay any financial penalties; allow access to financial information; no new credit charges or lines of credit without approval; and no gambling until financial obligations are paid in full.

The rationale for these special conditions is contained in the Defendant's Presentence Investigation Report, including the nature of the base offense, monitoring his finances for compliance with sex offender rules, fees, and restitution, and his history of substance abuse.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 30th day of September, 2020.

_____
Zack Hawthorn
United States Magistrate Judge